IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SMART COMMUNICATION ) | |
| SYSTEMS, LLC ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY DEMAND |
| TENNESSEE TECHNICAL ) | |
| SERVICES, LLC and ) | |
| UTILITIES CONSTRUCTION ) | |
| COMPANY LLC ) | |
|     Defendant. ) | |

## COMPLAINT

1. Plaintiff, Smart Communication Systems LLC, by and through counsel, herein files this action for damages to redress Defendants' material breach of the contractor agreement, attached hereto, resulting in damages to the Plaintiff. Additionally, Plaintiff asserts breach of a promissory note by TTS for failure to pay a note when due.

## PARTIES AND JURISDICTION

2. Subject-matter jurisdiction is based on is complete diversity of citizenship between the plaintiff and the defendants, 28 U.S.C. § 1332, the amount in controversy exceeding $75,000 exclusive of interest and costs.

## VENUE

Venue lies with the Middle District of Tennessee, pursuant to 28 U.S.C.S. § 1391 as all defendants are residents of the State of Tennessee and a substantial

1

part of the events or omissions giving rise to the claim occurred, within the Middle District of Tennessee.

**PARTIES**

3. Plaintiff, Smart Communication Systems, LLC, hereinafter referred to as "Smart Communication" is, and at all times mentioned has been, a corporation organized and operating under the laws of the State of Florida, whose principal office is located in 6422 Grenada Island Avenue, Apollo Beach, Florida 33572.

4. The Defendant, Tennessee Technical Services, LLC, hereinafter referred to as "Defendant" at the time of the events alleged in this complaint, was a corporation organized and operating under the laws of the State of Tennessee, whose principal office is 1076 Circle Bend Road, Waynesboro, Tennessee 38485. The registered agent is David Ruddle 1076 Circle Bend Road, Waynesboro, Tennessee 38485.

5. The Defendant, Utilities Construction Company, LLC hereinafter referred to as "Defendant" at the time of the events alleged in this complaint, was a corporation organized and operating under the laws of the State of Tennessee, whose principal office is 4935 Main Street, STE #191 Spring Hill, Tennessee 37174. The registered agent is Registered Agents Inc, 116 Agnes Road, STE 200 Knoxville, Tennessee 37919.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. On or about September 9, 2020, Plaintiff executed a work contract with Utilities Construction Company. ( Exhibit #1; Independent Contractor Agreement).

7. In accordance with the contract, Plaintiff performed the work as specified, on the work orders given, for the underground construction.

8. Plaintiff, identified as Contractor, warranted as follows: "Contractors' agreement to perform the Work pursuant to this agreement did not violate any agreement or obligation between contractor and a third-party."

9. Subsequently, on or about August 8, 2021, Plaintiff executed a sub-contractor agreement with Tennessee Technical Services, hereinafter referred to as "TTS". (Exhibit #2; Master SubContractor Agreement).

10. TTS is a provider of utility construction services, offering fiber optic, utility systems infrastructure, and small cell infrastructure solutions. Additionally, they offer directional drilling and boring, plowing and trenching, manhole and conduit construction.

11. Smart Communications, under the contract, was responsible for completion of underground directional drilling for UCC.

12. Each week, Plaintiff sent invoices for work completed to both UCC and TTS.

13. Plaintiff asserts that the invoices were issued, approved and paid promptly at first.

14. On or about September 3, 2021, the amount paid by TTS failed to match the invoice amount billed.

15. Plaintiff at all time relevant to the matter provided workman-like services that were at all times authorized and approved by the TTS and UCC.

16. TTS fell into arrears on payments of approved invoices and theretofore materially breached their duty under Article 5 of the Master Subcontractor Agreement.

17. On or about May 4 2022, Douglas Mercer, of TTS, sent an email agreement to pay Plaintiff which stated, "I want to reiterate that TTS has full intentions of paying for the services that SCS has provided to TTS per our contract. As we discussed, TTS is awaiting payment from Mastec, and therefore has not been able to fully pay SCS for the work performed. However, in order to avoid litigation, which we do not think would be beneficial for either party, TTS is proposing to pay SCS (Plaintiff) the outstanding amount owed ($144,962.59) in accordance with the following payment plan:

   $30,000 on May 13;
   $30,000 on June 17;
   $30,000 on July 15;
   $30,000 on August 12; and
   $24,962.59 on September 16.

Note that we are putting forth the above proposal with the assumption that SCS will not institute any litigation against TTS, as long as TTS pays the above amounts by the applicable deadline. As we discussed, I am happy to have our

attorney draft up a document reflecting this arrangement. However, we do not think that's necessary at this point. We hope that both sides can agree via email to the above, and TTS can proceed accordingly with the above payments." (Exhibit #3; installment agreement).

18. Defendant TTS, made one payment of the installment agreement making the total sum owed due immediately.

## COUNT I

## BREACH OF CONTRACT

20. Plaintiff repeats, re-alleges, and incorporates by reference the factual allegations of paragraphs 1 through 18 of this Complaint as if fully set forth here.

21. Plaintiff can establish "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of contract." *BancorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006) (quoting *Custom Built Homes v. G.S. Hinsen Co., Inc.*, No. 01A01-9511-CV-00513, 1998 Tenn. App. LEXIS 89, 1998 WL 960287, at 3 (Tenn. Ct. App. Feb. 6, 1998) cited by *Nat'l Door & Hardware Installers, Inc. v. Mirsaidi,* No. M2013-00386-COA-R3-CV, 2014 Tenn. App. LEXIS 389, at 11-13 (Ct. App. June 30, 2014).

22. It is undisputed that Defendants intended their "Contractor Agreements: to be a binding contract. (Attachment #) It is signed and dated by the

parties to the agreement There is an 1) written offer, 2) acceptance, 3) consideration, 4) both parties are obligated by the agreement, 5) and the parties are competent and gave the capacity to bind the agreement.

23. Plaintiff contends this contract is bound by T.C.A. § 47-50-112, which states that "contracts, in writing and signed by the party to be bound, including endorsements thereon, shall be prima facie evidence that the contract contains the true intention of the parties, and shall be enforced as written; provided, that nothing herein shall limit the right of any party to contest the agreement on the basis it was procured by fraud or limit the right of any party to assert any other rights or defense provided by common law or statutory law in regard to contracts."

24. Plaintiff's claim has been filed timely as T.C.A. § 28-3-109 governs the statute of limitations in this matter.

## COUNT 2

## DEFAULT OF PROMISSORY NOTE

25. Plaintiff repeats, re-alleges, and incorporates by reference the factual allegations of paragraphs 1 through 24 of this Complaint as if fully set forth here.

26. On May 4, 2022, for value received and acknowledged, defendant, TTS, acting through its officer, Douglas Mercer, executed and delivered to plaintiff its unsecured promissory note. A true and correct copy of the promissory note is attached to this complaint and incorporated by reference in it as Exhibit "#3; Promissory Note.

27. By the terms of the note, defendant, TTS promised to pay to the order of plaintiff the principal sum of $$144,962.59 plus interest.

28. A "Promissory note" means an instrument that evidences a promise to pay a monetary obligation. Tenn. Code Ann. § 47-9-102 ."According to the terms of the Note, failure to make a monthly payment *constitutes* default. Default on a promissory note amounts to a breach. *See Commercial Bank, Inc. v. Lacy*, 371 S.W.3d 121, 126 (Tenn. Ct. App. 2012). *Deutsche Bank Nat'l Tr. Co. v. Lee*, No. M2018-01479-COA-R3-CV, 2019 Tenn. App. LEXIS 300, at 11-12 (Ct. App. June 13, 2019).

29. TTS took action by making a payment on the agreement, thus ratifying the agreement, yet failed to make future payments, putting TTS in material breach of the agreement.

**WHEREFORE,** Plaintiff**,** Smart Communications Systems, LLC, prays that a judgment be rendered against Defendants in an amount to be determined by a Jury at the Trial of this matter. Plaintiff prays for damages for principal owed, interest, fees, penalties and reasonable attorney fees as permitted under the contract, to place Plaintiff in the financial position they would have been but for the breach of contract by Defendants. Further, recovery of damages, in an as yet undetermined sum, that are the normal and foreseeable result of the breach of contract by Defendant.

**FURTHER**, Plaintiff demands a jury of six (6) to try this cause.

7

Case 1:24-cv-00059   Document 1   Filed 06/07/24   Page 7 of 9 PageID #: 7

**FURTHER**, Plaintiff requests such other, further relief, for which Plaintiff may be entitled.

Respectfully submitted,

/s/Frank J. Steiner
Frank J. Steiner     BPR# 26920
2200 21st Avenue South, Suite 309
Nashville, Tennessee 37212
(615) 730-6090
franksteiner@franksteinerlaw.com
*Attorney for Smart Communication Systems*

## OATH

STATE OF Florida )
COUNTY OF Hillsborough )

I hereby certify that I have read the foregoing Complaint for Breach of Contract and its contents are true and correct.

_____
Pavel O. Pop-Buia

Sworn to and subscribed before me this 4th day of June, 2024

_____
NOTARY PUBLIC

My commission expires: 09/21/2026

Notary Public State of Florida
Amy Jones
My Commission HH 314940
Expires 9/21/2026

8